UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| GREGORY CAMPBELL, | ) | Civil No. 09cv375 L (BLM) |
| Plaintiff, | ) ) | **ORDER DISMISSING COMPLAINT WITHOUT PREJUDICE** |
| v. | ) ) | |
| TOYOTA MOTOR SALES, USA, INC., | ) ) | |
| Defendant. | ) ) ) | |

On February 25, 2009, plaintiff filed the above-captioned case. The complaint sets forth that the Court has original jurisdiction over this case "because the action alleges claims pursuant to 15 U.S.C. § 2310." (Complaint at 1.)

The federal court is one of limited jurisdiction. *See Gould v. Mutual Life Ins. Co. of N.Y.*, 790 F.2d 769, 774 (9th Cir. 1986). It possesses only that power authorized by the Constitution or a statute. *See Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986). Federal courts can adjudicate only those cases that arise under the United States Constitution, treaties, federal statutes, administrative regulations or federal common law, or are based upon diversity of citizenship. *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S . 375 (1994). "'Without jurisdiction the court cannot proceed at all in any cause. Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the case.'" *Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 94 (1998)

(*quoting Ex Parte McCardle*, 74 U.S. (7 Wall.) 506, 514 (1868)).  It is the plaintiff's burden to establish the court's subject matter jurisdiction.  *Thompson v. McCombe*, 99 F.3d 352, 353 (9th Cir. 1996).

As noted above, plaintiff references 15 U.S.C. § 2310,[1] in his assertion of subject matter jurisdiction based on a federal question but no violation of section 2310 or any other federal statute is alleged in the body of the complaint against the defendant.  Rather, plaintiff exclusively alleges various state law causes of action.  In the absence of any allegations of violation of a federal statute by defendant, plaintiff has not established subject matter jurisdiction.  The Complaint must be dismissed without prejudice.

Although not a jurisdictional prerequisite, there is no assertion in the complaint that venue is proper in this district.  If plaintiff intends to file an amended complaint, he should set forth why venue in this district is appropriate.

On its face, plaintiff's complaint does not provide a basis for the exercise of subject matter jurisdiction.  Accordingly, plaintiff's complaint is **DISMISSED WITHOUT PREJUDICE**.

**IT IS SO ORDERED.**

DATED: March 2, 2009

M. James Lorenz
United States District Court Judge

COPY TO:

HON. LEO S. PAPAS
UNITED STATES MAGISTRATE JUDGE

ALL PARTIES/COUNSEL

---

[1]   15 U.S.C. § 2310 is known as the Magnuson-Moss Warranty Act.